**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **Juan Alberto Lemus Tejada,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**Antone Moniz, et al.,**<br><br>**Respondents.** | **Civil Action No.**<br>**26-14681-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the petition for writ of habeas corpus (Docket No. 1) of petitioner Juan Alberto Lemus Tejada ("petitioner" or "Lemus Tejada"). He contends that Antone Moniz and the other named respondents ("respondents") have detained him in violation of his rights under the Fifth Amendment to the United States Constitution. He avers that at his bond hearing, the Immigration Judge ("IJ") did not comport with due process standards when he concluded that Lemus Tejada is a danger to the community and denied his release on bond.

## I. Facts

Petitioner is a citizen of El Salvador. He entered the United States without inspection in October, 2014. He has no criminal record in the United States.

Petitioner is the subject of a Salvadoran warrant for aggravated homicide issued by the First Instance Court of Tejutla, Chalatenango. He denies any involvement in the alleged offense and asserts that 1) his co-defendants were acquitted in 2016 and 2) the Salvadoran court notice served on him bears a different surname.

In January, 2025, Immigration and Customs Enforcement ("ICE") arrested petitioner on the basis of the Salvadoran warrant. The Department of Homeland Security ("DHS") charged petitioner as removable under 8 U.S.C. §1182(a)(6)(A)(i). He has since been detained at Plymouth County Correctional Facility in Massachusetts.

On March 3, 2025, an IJ denied petitioner's release on bond, concluding that he posed a danger to the community and was a flight risk. The parties dispute whether the IJ made any finding as to 1) the reliability of the Salvadoran evidence or 2) whether it pertained to petitioner. Petitioner did not appeal the bond decision to the Board of Immigration Appeals ("BIA"). Accordingly, no written decision issued and the record contains no transcript of the hearing. No custody redetermination has occurred since the original hearing.

On April 7, 2026, the IJ found petitioner credible but denied asylum, withholding of removal and protection under the Convention Against Torture, and ordered him removed to El

Salvador. The BIA affirmed that decision without opinion in September, 2026. Petitioner filed a petition for review and a motion for stay of removal in the First Circuit Court of Appeals. Lemus Tejada v. Blanche, No. 26-2151.

ICE scheduled petitioner's transfer to Louisiana for October 16, 2026, and his removal for October 19, 2026, but the First Circuit Court of Appeals granted a stay on October 16, 2026.

The present petition is the third petition for writ of habeas corpus petitioner has filed challenging his detention. In another session of this Court, United States District Judge Brian E. Murphy ("Judge Murphy"), denied the first petition without prejudice in December, 2025 based on petitioner's failure to appeal the bond denial and the pendency of his removal proceedings. Lemus Tejada v. Gillen, No. 1:25-cv-13479-BEM.

In June, 2026, the same session of this Court denied petitioner's second habeas petition on the grounds that the judge could not find that no reasonable IJ could have found dangerousness by clear and convincing evidence. A few weeks later, he held that petitioner's detention without an additional bond hearing did not violate due process "at this stage." Lemus Tejada v. Moniz, No. 1:26-cv-12619-BEM. Petitioner did not appeal either denial.

Petitioner filed the present petition on October 15, 2026. He asserts three due process claims in three separate counts: 1) that his threatened transfer out of the District would serve no legitimate governmental interest while cutting off his access to counsel, 2) that his detention on the basis of an allegedly unreliable foreign accusation increases the risk that he was unlawfully detained and 3) that the prolonged length of his detention in unreasonable. He seeks an order barring his transfer, a new bond hearing at which the government bears the burden of proof, or, in the alternative, release. Respondents filed a timely opposition.

## II. <u>Discussion</u>

As noted above, another session of this Court has twice rejected challenges to petitioner's present detention and petitioner has appealed neither decision. Although those decisions do not bind this Court, the reasoning in both is persuasive and the Court adopts it insofar as the present petition reasserts claims previously ruled upon.[1]

The same is true with respect to the challenge based upon the alleged unreliable Salvadoran accusation (Count Two). Judge Murphy concluded that petitioner's failure to appeal the denial of his bond to the BIA in March, 2025, left "little basis to

---

[1] The Court therefore need not decide whether the abuse-of-the-writ doctrine applies to the present petition.

evaluate the legal standards applied by the immigration court." No. 1:25-cv-13479-BEM. Judge Murphy subsequently held that he was unable to conclude that no reasonable IJ could have found dangerousness by clear and convincing evidence. Lemus Tejada v. Moniz, No. 1:26-cv-12619-BEM. Every fact on which petitioner now relies was established prior to his second petition. The sole new allegation, that a witness in the Salvadoran proceeding has been killed, does not bear upon whether the evidence before the IJ could have supported her determination. Count Two will therefore be denied.

The Court is of the same opinion as to Count Three, which contends that petitioner's detention has become unreasonably prolonged. Applying Mathews v. Eldridge, 424 U.S. 319 (1976), Judge Murphy held that petitioner's detention under 8 U.S.C. §1226(a) without an additional bond hearing did not violate due process. That holding forecloses petitioner's reliance on Zadvydas v. Davis, 533 U.S. 678, 701 (2001), because the parties agree that §1226(a) governs while removal is stayed. The holding also accounts for every circumstance petitioner identifies that existed as of July 6, 2026. To that extent, Count Three will be denied. Because Judge Murphy's holding was limited to petitioner's detention "at this stage," the Court considers below whether later developments warrant a different result. Lemus Tejada v. Moniz, No. 1:26-cv-12619-BEM.

The claim contained in Count One was, however, not before Judge Murphy. That count seeks an order barring petitioner's transfer out of the District while his motion for stay of removal is pending in the First Circuit Court of Appeals ("the First Circuit"). The First Circuit granted that motion on October 16, 2026, and thus, respondents may not remove petitioner while his petition for review remains pending. The potential harm on which Count One rests, i.e., that transfer would foreclose petitioner's access to counsel before the First Circuit could act, has been eliminated, and this Court's jurisdiction would not be defeated by a subsequent transfer. Rumsfeld v. Padilla, 542 U.S. 426, 440-41 (2004). Count One will therefore be denied as moot.

With respect to the claim in Count Three related to the duration of petitioner's confinement, petitioner has been detained for approximately four additional months since District Murphy's decision in July, 2026. During that time, the BIA has affirmed the order of removal and the First Circuit has stayed petitioner's removal pending its review. The Court considers whether these developments alter the balance of interests under Mathews, 424 U.S. at 335, and concludes that they do not.

Petitioner's interest of being free from physical confinement is substantial and has grown with the duration of his detention. The additional months of confinement have not,

however, increased the risk that petitioner has been wrongfully confined. Petitioner was granted an individualized bond hearing at which the government bore the burden of proving dangerousness by clear and convincing evidence and flight risk by a preponderance of the evidence. See Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021). He elected not to appeal the outcome of that hearing to the BIA. The passage of time alone does not undermine the reliability of that decision. Petitioner has identified no development since July, 2026 that bears upon whether he poses a danger to the community or a flight risk. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022) (declining to "count [petitioner's] months of detention" without considering "the process he received during this time").

Moreover, the additional period of detention is attributable principally to petitioner's pursuit of judicial review of his removal order. He is entitled to seek that review but the time required to complete it does not, by itself, render his detention unreasonable. Nor is petitioner's detention indefinite. It will expire upon the resolution of his petition for review, either by his release or his removal. On the other hand, the government retains a legitimate interest in securing petitioner's appearance and protecting the community pending such resolution.

On balance, the developments since July 6, 2026, do not render petitioner's continued detention without a second bond hearing a violation of due process. Count Three will therefore be denied without prejudice to a future petition should petitioner's detention pending a decision of the First Circuit become unreasonably prolonged.

**ORDER**

For the foregoing reasons, the petitioner's petition for writ of habeas corpus (Docket No. 1) is **DENIED**.

Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: November 18, 2026